WESTERN DIS.
October, 1832.

MILLAUDON
vs.
ARNAUD.

deceased partner, cannot set up a claim in compensation for the usufruct interest allowed to her for her marital portion, after she is dead.

---

## MILLAUDON vs. ARNAUD.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, THE JUDGE OF THE DISTRICT PERSIDING.

Where the plaintiff furnishes to the defendant an account current between them up to a certain time, and striking a balance to be then due, which the defendant receives without objection, he cannot afterwards, when sued for the balance due, produce the account to show overcharges, errors in calculating interest, and usurious and illegal charges. It will be taken as evidence of a settlement and acknowledged balance at that time.

And although there may be items of usurious interest charged in the account, yet when it is shown the defendant's money was applied to their payment, it is in the nature of a promise to pay usurious interest, and when paid cannot be recovered back.

The laws of Spain affixing a penalty to loans for a higher rate of interest than authorized by law, of the loss of all the interest stipulated for, have been repealed.

The commissions of two and one-half per centum in a merchant's account for acceptances, and the interest charged on them, are unsupported by any law, or custom having the force of law, and must be rejected when the account is sued on.

This suit is brought on an account current between the plaintiff and defendant in which the former claims a balance of eight thousand nine hundred and eighty-one dollars and forty-three cents, and the enforcement of a mortgage on a plantation and twenty-nine slaves in the parish of Concordia, against the latter, to secure payment.

The defendant says he owes four thousand four hundred and twenty-six dollars and twenty-one cents, which he has always been ready to pay; that the plaintiff has overcharged him by including in his account usurious and compound interest, charging two and one-half per centum for acceptances, and ten per centum on the amount of those acceptances from the day they were paid, and finally charging the interest on that interest in subsequent accounts, &c.

The defendant produced the account of Millaudon which had been rendered and no objection made to it, to be read in evidence to show the errors in calculating and charging interest, commissions, &c.

The plaintiff had judgement for the sum claimed, and the defendant appealed.

*Barry,* for plaintiff, contended:

1. That an account current had been furnished to the defendant, of all their dealings up to the year 1828, which stated the balance then due, and was not objected to.

2. The defendant cannot now go beyond the time to which the account was rendered, as a final settlement then took place.

3. This is in fact an action of mortgage to subject mortgaged property to the payment of the balance of an account due and acknowledged.

*Rost*, for defendant, said:

MILLAUDON
*vs.*
ARNAUD.

1. There was usurious and compound interest charged in the account of the plaintiff, which should be corrected.

2. The defendant does not deny the receipt of the goods and articles charged in the account, but there are charges of interest upon interest, and double commissions, which he has a right to have struck out, and which will reduce the account to less than one-half.

*Boyce*, added a few remarks in reply for the plaintiff.

PORTER, J., delivered the opinion of the court.

The plaintiff sues the defendant to recover the balance due on account, and he has prayed that a plantation and slaves which were mortgaged to secure the payment of the balance due to him, may be seized and sold to satisfy the judgement.

The answer of the defendant charges, that a large portion of the balance which appears against him on the account current of the plaintiff, proceeds from usurious and compound interest exacted by him in various transactions which the parties have had together.

The defendant, on the trial, introduced the accounts current which the plaintiff had furnished to him from the year 1822 up to 1828. We have not found it necessary to examine whether they establish the charge of usury, because it appears that in the year last mentioned, the principal and interest of all sums due to the plaintiff previous thereto, were paid by the defendant, with the exception of thirty-one dollars and sixty-five cents, and that sum was novated by carrying it to the debit of one Lapeice.

Where the plaintiff furnishes to the defendant an account current between them up to a certain time, and striking a

The counsel for defendant has contended, the production of this account current on his part, is not evidence of payment; but we are unable to view it in any other light. The plaintiff considered his demand as settled, and the document would be evidence against him that it was settled. If the

WESTERN DIS.
October, 1832.

MILLAUDON
vs.
ARNAUD.

*balance to be then due, which the defendant receives without objection, he cannot afterwards, when sued for the balance due, produce the account to show over charges, errors in calculating interest, and usurious and illegal charges. It will be taken as evidence of a settlement and acknowledged balance at that time. And although there may be items of usurious interest charged in the account, yet when it is shown the defendant's money was applied to their payment, it is in the nature of a promise to pay usurious interest, and when paid cannot be recovered back. The laws of Spain affixing a penalty to loans for a higher rate of interest than authorized by law, of the loss of all the interest stipulated for, have been repealed.*

defendant did not regard it in the same way, it was his duty to have made his objections to the plaintiff in a reasonable time; and the act of receiving the account current, and retaining it for so long a period, without observation or opposition, is an assent to the application which the plaintiff made of the funds of the defendant. If indeed the account current showed a balance then due to the plaintiff equal to the amount of interest debited, the assent of the defendant would perhaps only exist to the charge of usurious interest, and this assent would be no stronger than a promise to pay illegal interest, and would still be open to contestation. But here the account showed that the money in the plaintiff's hands belonging to the defendant, had been applied to the discharge of the interest, and the acquiescence of the latter is not limited to the propriety of the plaintiff's debiting him with usurious interest, it extends also to the payment of it. See the case of *Flower et al.* vs. *Jones et al.* 6 *Mar. N. S.* 143–4.

It was decided by this court in the case of *Perrillat* vs. *Peuch*, that money paid on an usurious contract, could not be recovered back. 2 *Lou. Rep.* 429.

By a contract entered into between the parties in April, 1829, it was agreed the plaintiff should make advances of goods and money to the defendant, for which the latter was to pay interest at ten per centum, and to secure the payment as well for these advances as for any endorsements the plaintiff might make for him, he mortgaged his plantation and slaves. In the account current furnished by the plaintiff of the transactions between the parties since that time, the defendant is debited with two and one-half per centum commission on acceptances which the plaintiff came under for him. It is contended this charge is usurious. In this case the inquiry is unnecessary. The laws of Spain which affixed as a penalty for lending money at a rate higher than that permitted by law, the loss of the whole of the interest stipulated for, have been repealed, and the decisions of this court under these laws can have no application to a case arising under the provisions of our code. If, therefore, we came to a con-

MILLAUDON
*vs.*
ARNAUD.

clusion the charge in the account current of two and one-half per centum for acceptance was usurious, we could only reject that item. The agreement to pay ten per centum interest would be unaffected by it. But on another consideration we think the charges for acceptance should be rejected. The claim must depend for its support on some one of the following grounds: positive law, custom, contract between the parties, or the value of the service, from which the law will imply a promise. Now no law has been shown which gives two and a half per centum to the acceptor of a bill of exchange; no custom having the force of law, or indeed any custom, is established by the evidence. The contract between the parties, instead of supporting the demand, rather seems opposed to it; for the agreement was to pay ten per centum interest for all advances, and the acceptance, perhaps, ought to be considered as one of the means through which these advances were paid. Finally, no proof has been adduced, that the value of an acceptance to the person for whose accommodation it is made, is two and a half per centum; the charge for these commissions, therefore, appears to us wholly untenable.

The commission of two and one-half per centum in a merchant's account for acceptances and the interest charged on them, are unsupported by any law, or custom having the force of law, and must be rejected when the account is sued on.

The commissions for acceptance, and the interest charged on them, must, therefore, be deducted, and the plaintiff have judgement for the balance.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed; and ·it is further decreed and adjudged, that the plaintiff do recover of the defendant, the sum of eight thousand seven hundred and eighty-six dollars and eleven cents, with interest at ten per centum per annum, on the sum of seven thousand four hundred and thirty-seven dollars and thirty-seven cents, from the first day of October, 1831, until paid, with costs of the court below; those of appeal to be borne by the appellee; and it is further decreed, that an order of seizure and sale issue against the mortgaged property mentioned in the petition, and act of mortgage annexed thereto, and that it be sold to satisfy the judgement.